**BURTZ–DURHAM CONSTRUCTION CO.,**
Inc. and Continental Casualty Company, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 24551.

United States Court of Appeals
Fifth Circuit.

Oct. 5, 1967.

Rehearing En Banc Denied
Nov. 14, 1967.

Alex McLennan, Scott Hogg, Atlanta, Ga., for appellants.

John C. Eldridge, Stephen R. Felson, Attys., Dept. of Justice, Carl Eardley, Acting Asst. Atty. Gen., Charles L. Goodson, U. S. Atty., Washington, D. C., for appellee.

Before TUTTLE, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal concerns the alleged omission by a bidder on a government contract of items totalling $38,000 from a bid which appellant sought to withdraw before acceptance.

In response to an invitation for bids to build a bridge, appellant submitted to the U. S. Army Corps of Engineers a bid of $1,129,201.79, accompanied by a bid bond of 20%, executed by Continental Casualty Company. By the terms of the bid, the government reserved the right to reject any and all bids and further

reserved the right to accept any bid which was most advantageous to the government. Attached to and incorporated by reference in the invitation was standard form 22 containing instructions to bidders and clearly prohibiting withdrawal of bids after the opening. If the successful bidder withdrew the bid, he would be liable for any differences by which the cost of procuring the work exceeded his bid; late bids and modifications and withdrawals received after the opening would not be considered unless due to a delay in the mails or mishandling by the government. The bid was submitted on the express condition that unit prices were to govern in case of a discrepancy. Further provisions set up a waiver of error formula which applied except as to clerical errors.

Armed Services Procurement Regulations provide an administrative remedy which may lead to a sanctioned withdrawal or adjustment if the prescribed procedures are followed. The gist of these regulations is that bids shall be checked on opening by the government for apparent mistakes or anything that would put the government on inquiry. A clerical mistake apparent on the face of the bid may be corrected by the government prior to award if verification of the corrected bid is then obtained from bidder. Where a bidder alleges a mistake other than apparent clerical mistake after opening and prior to the award, clear and convincing evidence must establish the existence of the mistake and the bidder must support his request by affidavits, original worksheets, and any other evidence which conclusively establishes the existence of the error, the amount of the error and the bid actually intended, and where the bidder fails to furnish such evidence, the contracting officer shall consider the bid as submitted, unless it is so far out of line with other bids or government estimates as reasonably to justify the conclusion that acceptance would be unfair to the bidder or other bona fide bidders.

The bid submitted by appellants showed a total of $1,129,201.79, which was erroneous because of a clerical error which listed a figure as $670,100 instead of $67,010. The government corrected the bid according to the controlling unit prices at a figure of $526,701.79.

The corrected bid was the lowest. Before award, appellants learned of the corrected bid and notified the government of an alleged omission of items totalling $38,000. An appearance was made before the contracting officer, but explanation for the omission was unsatisfactory to him. Appellants presented no affidavits or original worksheets and left no evidence with the contracting officer. The appellants then later telegraphed withdrawal of their bid and the contracting officer replied that he was without authority to permit withdrawal and that evidence according to the regulations had not been submitted. Apparently at a later date, an affidavit was submitted to the contracting officer, which he found not to amount to clear and convincing proof of error. The contract was awarded to the appellants but they refused to execute the documents. The contract was then awarded to the Newton Company for $576,910.50, and the government brought an action for the difference.

We conclude that it is not necessary for the court to resolve the many interesting and somewhat difficult questions of the law applicable to the formation of government contracts, especially the extent to which restrictions may be placed about the absolute right of withdrawal of a bid before acceptance. See generally Moffett, Hodgkins and Clarke Co. v. City of Rochester, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108 (1900); Scott v. United States, 44 Ct.Cl. 524 (1909), and see Pasley, Formation of Government Contracts—Application of Common law Principles—A Reply, 40 Cornell L.Q. 518 (1955). Essential to the defense by the contractor here is proof of the existence of the alleged mistake. The trial court found that appellants failed to prove by either preponderance of the evidence or by clear and convincing proof, as required in the regulations that a mistake had been made. Upon carefully reading

the record dealing with the proof as to the existence of the mistake, we conclude that the trial court's finding is not clearly erroneous. It is, therefore, of course, unnecessary for the court to go further to a consideration of the principles of law that would be applicable were the finding of fact by the trial court to the contrary.

The judgment is affirmed.

## ON PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25a, subpar. (b), the Petition for Rehearing En Banc is denied.